**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**G, D.J. *as modified*

So ordered as the case management
scheduling order. *Case on running trial list*
Discovery due *July 30, 2010*
Dispositive Motions due *July 30, 2010*

*William A. Young*
U.S. District Judge

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *Ex.* *Rel.* KENNETH JAMES JONES, ) | |
| Plaintiff, ) | |
| ) | Case No.: 1:07-CV-11481-WGY |
| v. ) | |
| BRIGHAM AND WOMEN'S HOSPITAL, *et al*, ) | |
| Defendants. ) | |

### JOINT CASE MANAGEMENT PROPOSAL

Pursuant to this Court's Notice dated July 13, 2009, LR 16.1 and Rule 26(f) of the Federal Rules of Civil Procedure, the undersigned counsel for the parties advise the Court that on October 23, 2009 they conferred and fashioned the following proposed Joint Plan for the Conduct of this Litigation:

#### A. State of the Pleadings (disputed):

**Plaintiff's Position:** On July 10, 2009 the Court granted defendants' motion to dismiss granting plaintiff leave to file a motion to file an amended complaint within 20 days. Plaintiff timely filed that motion for leave to amend on July 20, 2009 (Docket 50) and also filed a proposed Second Amended Complaint on that date (Docket 50-2). Defendant Kijewski was the only defendant to oppose the motion to file the Second Amended Complaint, filing her opposition on September 3, 2009 (Docket 52). The remaining defendants agreed to answer the Second Amended Complaint which was on file as a "proposed" pleading at that time. Plaintiff then filed a motion for leave to file a reply brief to respond to Dr. Kijewski's opposition on September 21, 2009 (Docket 53),

1

which the Court granted by way of electronic order on September 23rd. Before the

plaintiff's reply was filed, the Court issued the following electronic order on September

24th:

> "Motion allowed in part and denied in part. The
> amendment is futile as to Marie F. Kijewski and the case
> against her is dismissed. The amendment is otherwise
> allowed re [50] MOTION for Leave to File Second
> Amended Complaint."

Immediately thereafter, counsel for defendants stated his belief that the Second Amended

Complaint should delete all references to Dr. Kijewski. Counsel for plaintiff stated his

belief the Second Amended Complaint 9Docket 50-2) should be filed as is, with the

understanding that Dr. Kijewski was dismissed from the case and need not answer. After

counsel for the parties were unable reach an agreement on how to proceed, counsel for

plaintiff telephoned this Court's docket clerk and, while not obtaining advice, left the call

with the understanding that the proposed pleading on file should be filed as is, which is

what counsel did on October 5, 2009 (Docket 54). Counsel for defendants then filed a

motion to strike portions of the Second Amended Complaint on October 7th (Docket 55).

In addition to seeking leave to strike references to Dr. Kijewski, the motion requested the

Court to strike the third sentence of paragraph of the Second Amended Complaint which

reads:

> "One example is the grant application signed by defendants
> Kijewski and Brigham and Women's Hospital in June
> 2001, entitled 'Physical Limits of Quantitative SPECT,'
> seeking an award for total costs of $2,878,060."

Before plaintiff filed his response to the motion to strike, which would not have opposed

striking references to Dr. Kijewski but would have opposed striking the entire sentence

quoted above, the Court issued the following electronic order the next day, October 8th:

2

> "Electronic ORDER entered granting [55] MOTION to
> Strike Portions of Plaintiff's Second Amended Qui Tam
> Complaint."

Plaintiff understands that the Court has ruled that Dr. Kijewski has been

dismissed, her motion to strike has been granted in its entirety, and that a new pleading is

not required because the Second Amended Complaint on file (Docket 54) is subject to the

Court's orders, which did strike specific language but did not require Plaintiff to replead.

("Ordinarily, the proper response in the face of a motion to strike a pleading is to strike

only the offending parts of it. See Wright & Miller § 1281, at 522. However, if the

complaint violates Rule 8(a)(2) and 8(e)(1) 'such that a great deal of judicial energy

would have to be devoted to eliminating the unnecessary matter and restructuring the

pleading,' *id.*, we may strike the entire pleading while granting leave to replead." *Hardin*

*v. American Elec. Power,* 188 F.R.D. 509, 511 (S.D. Ind. 1999)).

Further guidance from the Court is requested with respect to whether a new

pleading is required.

**Defendants' Position:** Defendants' position is that currently there is no

Complaint on file that complies with the Court's Orders. The Court's September 24,

2009, Order denied as "futile" leave to amend as to Dr. Kijewski. Defendants' position is

that it was improper for the plaintiff to file the Second Amended Complaint naming Dr.

Kijewski because the Court had already ruled that the Complaint could not be amended

and filed as to Dr. Kijewski. Dr. Kijewski filed a motion to strike portions of the Second

Amended Complaint. The premise of Dr. Kijewski's motion was that the naming of her

in a publicly filed document accusing her of fraud carries serious personal and

professional consequences for her. The motion asked the Court to order that certain

portions of the Second Amended Complaint be stricken: "(1) her name in the caption; (2) all of paragraph 8; (3) the third sentence of paragraph 26; and (4) her name in paragraph 33." The Motion also requested that "[a]ll references to her should be deleted from the Second Amended Complaint, and Dr. Jones should be ordered to file a Complaint that conforms with the September 24, 2009, Order." This motion was granted in its entirety by the Court on October 8, 2009. Accordingly, defendants submit that the only reasonable remedy is for the plaintiff to file a new Complaint, excising the few, discrete references to Dr. Kijewski. Leaving the Second Amended Complaint filed as is does not remedy the prejudice to Dr. Kijewski, and renders the motion to strike and the Order granting it nullities.

1.   **Discovery Plan:**  The parties jointly propose the following discovery plan:

     a.   **(Agreed.)** Discovery will be necessary regarding the subjects and issues identified in the operative Complaint and the Answer.

     b.   **Pre-discovery disclosures (agreed):** the parties shall exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) within 28 days of the meeting required by Fed. R. Civ. P. 26(f) and LR 16.1(b).

     c.   **Discovery Cutoff (disputed):**

Plaintiff seeks the completion of all discovery, including the expert discovery described below, by **7/30/10**.

Defendants seek the completion of all fact discovery by **7/30/10** and the completion of all expert depositions by **11/15/10**, each side to have 7 hours of deposition per each expert.

4

    d.    **Designation of expert witnesses and reports from expert witnesses under Fed. R. Civ. P. 26(a) due (disputed):**

        1)    Plaintiff seeks the exchange of all parties' written expert reports by **5/28/10** and the exchange of all parties' rebuttal expert reports by **6/25/10,**

        2)    Defendants seek Plaintiff's written expert reports by **8/16/10** and seek to serve their written expert reports by **10/15/10,** with each side to have 7 hours of deposition per each expert.

    e.    **Discovery (disputed):**

        1)    Plaintiff proposes that discovery should proceed within the scope and limits of Fed. R. Civ. P. 26(b) with the exception that the parties should each be permitted a maximum of **20** fact depositions with the duration of all depositions to be limited to 1 day of 7 hours as governed by Fed. R. Civ. P. 30.

        2)    Defendants propose that absent further leave of court the parties should each be permitted a maximum of **10** fact depositions and that Defendants may depose Plaintiff Jones for a total of 15 hours in 3 separate days.

2.    **Other Proposed Deadlines:**

    a.    **Joining additional parties and amending pleadings (disputed):**

    1) Plaintiff proposes that the parties should be allowed until **3/15/10** to join additional parties and to amend the pleadings.

    2) Defendants' position is that in this *qui tam* action plaintiff is not permitted to add new party defendants. Defendants propose that

defendants may be allowed to amend their pleadings upon the conclusion of discovery.

    b.    **Dispositive motions (disputed):**



        1) Plaintiff proposes that all dispositive motions should be filed by **8/30/10**.



        2) Defendants propose that all dispositive motions should be filed by **12/17/10**.

    c.    **Settlement Conference (disputed):**



        1) Plaintiff proposes a settlement conference in **October 2010**.

        2) Defendants propose a settlement conference in **February 2011**.

    d.    **Pretrial Conference (disputed):**

        1) Plaintiff proposes a pretrial conference in **November 2010**.

        2) Defendants propose a pretrial conference in **March 2011.**

    e.    **Trial Date (disputed):**

        1) Plaintiff states the case should be ready for trial by **December 2010**.

        2) Defendants state the case should be ready for trial by **April 2011**.

    f.    **Length of Trial (agreed):** At this time the trial is expected to take approximately **10 days**.

3.    All counsel confirmed that they have informed their clients not to destroy any documents relating in any way to the allegations contained in the operative Complaint and/or the subject of this litigation. The parties discussed discovery of electronically stored information, and agreed that all discoverable electronically stored information will, if possible, be produced in electronic format.

6

4.     **Trial by Magistrate Judge:** The parties do not consent to trial by

Magistrate Judge at this time.

5.     **Local Rule 16.1(d)(3) Certifications:** Each party will submit under

separate cover the certification required by LR 16.1(d)(3).

Respectfully Submitted,

KENNETH JAMES JONES

By his Attorneys,
HUGHES& NUNN LLP
KOHN, KOHN & COLAPINTO, LLP
Law Office of Jeremy L. Friedman

/s/ William D. Hughes
William D. Hughes (BBO #243860)
Hughes & Nunn LLP
401 B St., Ste. 1250
San Diego, CA 92101
Tel: (619) 231-1661
Fax: (619) 236-9271
Email: whughes@hughesnunn.com

BRIGHAM AND WOMEN'S HOSPITAL,
MASSACHUSETTS GENERAL
HOSPITAL,
MARILYN ALBERT, Ph.D., and
RONALD J. KILLIANY, Ph.D.

By their Attorneys,

/s/ Alan D. Rose
Alan D. Rose (BBO#427280)
Rose, Chinitz & Rose
One Beacon Street, Fourth Floor
Boston, MA 02108
Tel: 617-536-0040
Fax: 617-536-4400

Dated: October 26, 2009

**Certificate of Service**

I hereby certify that this document filed through the ECF system on this 26th day of
October, 2009, will be sent electronically to the registered participants as identified on
the Notice of Electronic Filing (NEF).

/s/ William D. Hughes
William D. Hughes

8