**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA, *Ex. Rel.* KENNETH JAMES JONES )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>BRIGHAM AND WOMEN'S )<br>HOSPITAL, MASSACHUSETTS )<br>GENERAL HOSPITAL, MARILYN )<br>ALBERT, RONALD J. KILLIANY, )<br>and MARIE F. KIJEWSKI, )<br>)<br>Defendants )<br>_____ | Case No. 1:07-CV-11481-WGY |

**RELATOR'S RESPONSE TO DEFENDANTS' MOTION UNDER**
**LOCAL RULE 40.1(K) AND REQUEST FOR REASSIGNMENT**

Following reversal and remand from the Court of Appeals for the First Circuit, defendants move the Court to retain this case for further proceedings (Docket No. 121). Relator opposes the motion. Because the First Circuit did not include terms in the remand requiring further proceedings before the original judge, reassignment under Local Rule 40.1(K) is required. Relator therefore requests that the case be reassigned by the clerk.

Under Local Rule 40.1(K)(2), reassignment is mandatory unless the original judge determines "that there will result a substantial saving in the time of the whole court and that there is no reason why, in the interest of justice, further proceedings should be conducted before another judge." *See Rodi v. Southern New England School of Law*, 532 F.3d 11, 19 (2008). In light of the First Circuit remand and the particular circumstances of this case, neither of these two findings may be reached.

With respect to judicial economy, there is no basis to find "a substantial saving in time of the whole court" would result from the denial of reassignment. Defendants argue without elaboration that the original judge has "knowledge of the extensive record," but there is no showing, or even claim, of extraordinary complexity or prior extended proceedings. Nor is there a showing of a substantial learning curve for another district court judge on reassignment. Prior to the appeal, this Court reviewed a full record on the

parties' cross-motions for summary judgment. But the First Circuit reviewed that same record in detail, and in its Memorandum Opinion, the Court of Appeals made several key rulings that rejected defense theories on admissibility and relevance. In light of the First Circuit opinion, another district court judge would not be required to expend extraordinary efforts to preside over this case going forward.

Knowledge and familiarity with the case, alone, is insufficient to preclude reassignment under Local Rule 40.1(K). Had the appeal followed a trial, for example, as opposed to cross-motions for summary judgment, reassignment under Rule 40.1(K)(1) would be without exception. A district court judge who presides over the trial would most likely have extensive knowledge and understanding of the record, and yet reassignment under subsection (1) is required. The local rule thus imposes a default rule for reassignment, despite the trial judge's level of knowledge. Under subsection (2) – "In all other cases in which the mandate of the appellate court requires further proceedings in this court" – reassignment is mandatory unless the original judge makes express findings on judicial economy and interests of justice. Clearly, mere knowledge of the facts and circumstances in "all such other cases" cannot be sufficient to warrant retention in each. An exception which equates knowledge with judicial economy precluding reassignment would swallow the rule embodied at Local Rule 40.1(K)(2).

Finally, defendants make no arguments regarding any "interests of justice" warranting retention of the case with the original judge. As embodied in Local Rule 40.1(K), the interests of justice counsel in favor of reassignment following a reversal by the Court of Appeals. Presumably, the appellate panel knew and understood the workings of the local rule, and it refrained from directing a remand to the original judge. Moreover, on appeal the First Circuit found the district court's evidentiary ruling to be an abuse of discretion, while overturning key legal conclusions as contrary to the law. As such, there is no reason, in the interest of justice, for the original judge to retain the case.

For the foregoing reasons, relator opposes defendants' motion that this Court retain the case after remand, and he requests the case be reassigned by the clerk.

                                        Respectfully submitted,

Dated: July 24, 2012                Kohn, Kohn & Colapinto, LLP
                                      Hughes & Nunn, LLP
                                      Law Office of Jeremy L. Friedman

                            By:  /s/Jeremy L. Friedman
                                   Jeremy L. Friedman

                                    Attorneys for *qui tam* plaintiff
                                    Kenneth James Jones

## CERTIFICATE OF ELECTRONIC SERVICE

      I hereby certify that this document was filed through the ECF system of this Court on the date reflected on this document, and that the pleading will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                          /s/Jeremy L. Friedman
                                          Jeremy L. Friedman

Michael D. Kohn (*Pro Hac Vice*)
David K. Colapinto (BBO No. 551835)
KOHN, KOHN & COLAPINTO, LLP
3233 P Street, N.W.
Washington, DC 20007-2756
Phone: (202) 342-6980
Fax:    (202) 342-6984
Michael Kohn [mk@kkc.com]
David Colapinto [dc@kkc.com]

William D. Hughes (BBO No. 243860)
HUGHES & NUNN LLP
350 Tenth Ave., Ste. 960
San Diego, CA 92101
Phone: (619) 231-1661
Fax:    (619) 236-9271
William D. Hughes [whughes@HughesNunn.com]

Jeremy L. Friedman (*Pro Hac Vice*)
LAW OFFICE OF JEREMY L. FRIEDMAN
2801 Sylhowe Road
Oakland, CA 94602
Telephone: (510) 530-9060
Facsimile: (510) 530-9087
Jeremy L. Friedman [jlfried@comcast.net]

Attorneys for *qui tam* plaintiff and relator