UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )
UNITED STATES OF AMERICA, *ex rel.*         )
KENNETH JAMES JONES, Ed.D.,                 )
                                            )
       Plaintiff,                           )
                                            )
v.                                          )   Civil No. 1:07-CV-11481-WGY
                                            )
BRIGHAM AND WOMEN'S HOSPITAL, *et al.*,     )
                                            )
       Defendants.                          )
_____)

### DEFENDANTS' MOTION TO PRECLUDE EVIDENCE AND ARGUMENT REGARDING SPOLIATION OF EVIDENCE

Kenneth Jones contends the defendants spoliated evidence. This evidence includes "scientific notebooks, MRI images, data files, emails, and any record of the internal inquiry into the allegations of scientific misconduct." U.S. ex rel. Jones v. Brigham & Women's Hosp., 678 F.3d 72, 83 n.19 (1st Cir. 2012). This Court and the First Circuit decided that Dr. Jones cannot pursue this theory. The defendants move to preclude evidence (and related argument) regarding spoliation.

This Court rejected Dr. Jones' spoliation argument, deciding that:

> compliance with the Post-award Requirements regulation is forward-looking. Because the alleged violations of the Responsibilities of Applicants regulation took place in 2001 and the Grant was not funded until 2002, the Post-award Requirements do not apply to the inquiry. The conduct at issue occurred within the 1997-2002 funding cycle. According, Mass. General was required to retain records from that funding cycle until 2005. Since the three-year retention period had expired by 2007, when the original suit was brought, there is no basis for sanctions for spoliation of evidence.

(Docket No. 111 at 36.) The First Circuit affirmed this decision:

> The district court found—as the name of the regulation suggests—that the Post-Award Requirements are forward-looking and apply only once a grant has been awarded. Thus, because the grant in question was not funded until 2002, the Post-Award Requirements did not apply to records pre-dating 2002. We agree with the district court that Jones's spoliation claim fails on this basis. The district court also noted that applicant institutions are required to retain documents related to misconduct inquiries for three years, a time span that terminated in 2004 in this case. Jones gives us no basis to doubt this determination; indeed, we note that Jones first brought suit in 2006.

U.S. ex rel. Jones, 678 F.3d at 83 n.19.

The defendants respectfully request the Court to preclude evidence and argument: that they spoliated evidence; that they failed to keep scientific notebooks; and that they discarded scientific notebooks, MRI images, data files, e-mails, and any record of the internal inquiry into Dr. Jones' allegations. The defendants also request the Court to preclude evidence and argument that by doing these things, they violated the rules of Partners Healthcare, the National Institutes of Health, or any other institution.

                                            Brigham and Women's Hospital,
                                            Massachusetts General Hospital,
                                            Marilyn S. Albert, and
                                            Ronald J. Killiany,

                                            By their attorneys,

                                            /s/ Alan D. Rose
                                            Alan D. Rose (BBO #427280)
                                            Brian D. Lipkin (BBO #673850)
                                            Rose, Chinitz & Rose
                                            One Beacon Street
                                            Boston, MA  02108
                                            (617) 536-0040
                                            Fax: (617) 536-4400
                                            adr@rose-law.net
                                            bdl@rose-law.net

Date:  March 15, 2013

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)**

I certify that on March 15, 2013, I conferred with Dr. Jones' attorney, Jeremy Friedman, and attempted in good faith to resolve or narrow the issues set forth in this motion.

/s/ Alan D. Rose

## **CERTIFICATE OF SERVICE**

On March 15, 2013, I certify that I served this document by filing it through the ECF system and e-mailing it to:

Tracy L. Hilmer
Commercial Litigation Branch
U.S. Department of Justice
P.O. Box 261
Washington, DC  20044
tracy.hilmer@usdoj.gov

/s/ Brian D. Lipkin