UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )
UNITED STATES OF AMERICA, *ex rel.*         )
KENNETH JAMES JONES, Ed.D.,                 )
                                            )
       Plaintiff,                           )
                                            )
v.                                          )   Civil No. 1:07-CV-11481-WGY
                                            )
BRIGHAM AND WOMEN'S HOSPITAL, *et al.*,     )
                                            )
       Defendants.                          )
_____)

## DEFENDANTS' MOTION TO PRECLUDE ARGUMENT REGARDING FAILURE TO INVESTIGATE

Kenneth Jones has asserted that the defendants made a false statement by failing to investigate his allegations of research misconduct. The defendants move to preclude this argument because the First Circuit concluded that Dr. Jones cannot pursue it.

According to the First Circuit's decision, Dr. Jones did not plead his "failure to investigate" claim. Therefore, he cannot pursue it:

> Jones alleged that the Defendants misrepresented their compliance with the Public Health Services ("PHS") terms and conditions, which outline investigation and reporting requirements when scientific misconduct is reported. Regulation 42 C.F.R. § 50.103(d)(1) requires each institution to "inquir[e] immediately into an allegation or other evidence of possible misconduct." The institution must contact outside authorities and report any situation in which, based on the initial inquiry, the institution determines that an investigation is warranted. 42 C.F.R. § 50.103(d). Jones claims that the inquiry Moss conducted was patently inadequate to satisfy the requirements of § 50.103(d). Relator also argues that Defendants were required to create a written record of the inquiry conducted about Killiany's alleged misconduct and report the results to the NIH Office of Research Integrity.
>
> Noting that Relator had not properly pled his PHS terms and conditions certification claim in his Second Amended Complaint,

the district court stated that Relator made this claim for the first time in his motion for summary judgment. Further, the district court stated that even if the claim were considered on the merits, it could not withstand summary judgment. The district court acknowledged that the "Applicant Organization" certification signed by the MGH Director of Grants and Contracts promised that MGH would comply with PHS terms and conditions, including 42 C.F.R. § 50.103. It found, however, that the certification only promised compliance once a grant was awarded. Accordingly, because the alleged misconduct occurred before submission, it was not governed by the forward-looking certification.

We focus on the district court's procedural critique of Relator's pleading. In so doing, we agree with the court that it was not until Jones filed his motion for summary judgment that he propounded the theory that the Defendants' failure to investigate and report any inquiry was itself a false claim, independent of his claims regarding the use of falsified data not subject to a reliability study. Under Fleming v. Lind-Waldock & Co., 922 F.2d 20 (1st Cir.1990), that was too late. Id. at 24 ("[I]nitial failure to satisfy the [pleading] burden in no way obligates the district court to allow the parties an opportunity to offer matters outside the pleadings. Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings."); cf. Redondo Waste Sys. v. López-Freytes, 659 F.3d 136, 141 (1st Cir.2011) (affirming denial of motion to amend where complaint did not sufficiently "apprise defendants of the claims against them," which, the court stated, was "[t]he whole point of notice pleading").

The defendants respectfully request the Court to preclude Dr. Jones' argument that they made a false claim by failing to investigate.

        Brigham and Women's Hospital,
        Massachusetts General Hospital,
        Marilyn S. Albert, and
        Ronald J. Killiany,

        By their attorneys,


        /s/ Alan D. Rose
        Alan D. Rose (BBO #427280)
        Brian D. Lipkin (BBO #673850)
        Rose, Chinitz & Rose
        One Beacon Street
        Boston, MA  02108
        (617) 536-0040
        Fax: (617) 536-4400
        adr@rose-law.net
        bdl@rose-law.net

Date:  March 15, 2013


## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

I certify that on March 15, 2013, I conferred with Dr. Jones' attorney, Jeremy Friedman, and attempted in good faith to resolve or narrow the issues set forth in this motion.


        /s/ Alan D. Rose


## CERTIFICATE OF SERVICE

On March 15, 2013, I certify that I served this document by filing it through the ECF system and e-mailing it to:

Tracy L. Hilmer
Commercial Litigation Branch
U.S. Department of Justice
P.O. Box 261
Washington, DC  20044
tracy.hilmer@usdoj.gov

        /s/ Brian D. Lipkin