UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                                         )
UNITED STATES OF AMERICA, ex rel.        )
KENNETH JAMES JONES, Ed.D.,              )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )   Civil No. 1:07-CV-11481-WGY
                                         )
BRIGHAM AND WOMEN'S HOSPITAL, et al.,    )
                                         )
        The defendants.                  )
_____)
```

**DEFENDANTS' MOTION TO PRECLUDE EVIDENCE AND ARGUMENT REGARDING PARTNERS' HEALTHCARE'S RESEARCH MISCONDUCT POLICIES**

This motion concerns Kenneth Jones' proposal to introduce certain research misconduct policies in evidence. The defendants move to preclude this evidence (and related argument).

Partners HealthCare is a not-for-profit health care system which includes two of the defendant hospitals, Brigham and Women's Hospital and Massachusetts General Hospital. Dr. Jones has proffered Partners' research misconduct policies, dated in 2007 and 2012, as trial exhibits. These documents are irrelevant. Partners' policies in 2007 and 2012 had nothing to do with the allegations in this case, which involve a grant application that was submitted in 2001 and funded in 2002.

Dr. Jones is also seeking to introduce Partners' research misconduct policy dated February 13, 2001. He did not obtain this document in discovery. He does not have this document now. Therefore, he has served trial subpoenas seeking its production. The defendants and Barbara E. Bierer, M.D. filed motions to quash. (See Docket Nos. 155, 157.) Because Dr. Jones failed to request this document in discovery, it is too late for him to obtain it on the day of trial by using a trial subpoena. This Court follows the majority rule: that a trial subpoena

cannot be used as a discovery tool. Even if Dr. Jones were permitted to obtain this policy, it would be irrelevant because the First Circuit precluded Dr. Jones from arguing that the defendants made a false claim by failing to investigate his allegations.

The defendants respectfully request the Court to preclude all evidence and argument regarding the Partners research misconduct policies.

                                      Brigham and Women's Hospital,
                                      Massachusetts General Hospital,
                                      Marilyn S. Albert, and
                                      Ronald J. Killiany,

                                      By their attorneys,

                                      /s/ Alan D. Rose
                                      Alan D. Rose (BBO #427280)
                                      Brian D. Lipkin (BBO #673850)
                                      Rose, Chinitz & Rose
                                      One Beacon Street
                                      Boston, MA 02108
                                      (617) 536-0040
                                      Fax: (617) 536-4400
                                      adr@rose-law.net
                                      bdl@rose-law.net

Date:  March 17, 2013

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

I certify that on March 15, 2013, I conferred with Dr. Jones' attorney, Jeremy Friedman, and attempted in good faith to resolve or narrow the issues set forth in this motion.

                                      /s/ Alan D. Rose

**CERTIFICATE OF SERVICE**

  On March 17, 2013, I certify that I served this document by filing it through the ECF system and e-mailing it to:

Tracy L. Hilmer
Commercial Litigation Branch
U.S. Department of Justice
P.O. Box 261
Washington, DC  20044
tracy.hilmer@usdoj.gov

                /s/ Brian D. Lipkin