**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA, *Ex. Rel.* KENNETH JAMES JONES <br><br> Plaintiff <br><br> vs. <br><br> BRIGHAM AND WOMEN'S HOSPITAL, *et al.*, <br><br> Defendants | ) ) ) ) ) ) ) ) Case No. 1:07-CV-11481-WGY ) ) ) ) ) ) |

**MEMORANDUM IN SUPPORT OF RELATOR'S MOTION FOR ADMISSION OF SCHUFF REPORT APPENDIX NOTES (REVIEWING MRI SCANS)**

Admission of the appendix to Norbert Schuff's report would assist the jury in this case about complex scientific issues These notes are not hearsay under Rule 801 of the Federal Rules of Evidence, and should not be excluded under Rules 702 and 705. Dr. Schuff read a substantial number of the entries into the record, including each of the 11 normals that are the subject of this trial. Defense counsel cross-examined the expert at length on the substance of his notes, including repeated questions on entries such as non-remeasured EC tracings that, in his opinion, were "skinny," "a bit skinny" and "slightly skinny." Before the jury, Dr. Schuff testified to his qualifications and methods used to reach his opinions, including substantial discussion of his review of the EC tracings. As such, these notes are not hearsay under FRE 801(c)(1) of the Federal Rules of Evidence.

In *Forward Communications Corp. v. United States*, 608 F.2d 485, 511 (Ct. Cl. 1979), the court stated that expert reports "are not admissible without the preparer being present in court to testify about his qualifications as an expert and to be cross-examined on the substance." Here, the witness was present and cross-examined at length on the substance of the appendix to his report, and defendants' hearsay objection has no merit.

While admission of the report in its entirety might duplicate testimony and confuse the jury, admission of the appendix would assist it. *See BC Tech. v. Ensil Int'l*, 2008 U.S. Dist. LEXIS 92187 (D. UT 2008). In *BC Tech*, the court precluded admission of entire

expert reports, but admitted exhibits attached to the reports, finding them "admissible as part of the experts' testimony that will be helpful to the jury." *Id.*, at *4-*5.

As in *BC Tech*, admission of the Appendix of notes from Dr. Schuff's review would be part of his testimony, and it would assist the jury in understanding the claims and testimony in this case. It is understandable that the jury would request assistance of the notes to understand the complex scientific information that has been presented. Indeed, the jury's request for both Exhibit 41 (Killiany's Moss report) and Dr. Schuff's EC tracing notes relating to more than two dozen tracings demonstrates the utility of both records. Having access to these notes unquestionably would assist the jury's understanding of central issues in this trial.

No prejudice could be had to defendants by admission of this exhibit. Dr. Schuff wrote the notes of his review in 2010, he was subject to deposition discovery on them, and he was cross-examined at trial on them. Dr. Schuff's notes were made available to Dr. Andrew Saykin, defendants' expert. And defense counsel repeatedly referred to the substance of the notes before the jury. Their admission would assist the jury's understanding of the examination and cross-examination questions.

## CONCLUSION

For the foregoing reasons, Appendix I attached to Dr. Schuff's expert report should be admitted into evidence and provided to the jury.

                                                       Respectfully submitted,

Dated: April 3, 2013                Kohn, Kohn & Colapinto, LLP
                                                       Hughes & Nunn, LLP
                                                        Law Office of Jeremy L. Friedman

                                              By: /s/Jeremy L. Friedman
                                                    Jeremy L. Friedman

                                                    Attorneys for *qui tam* plaintiff
                                                    Kenneth James Jones

Michael D. Kohn (*Pro Hac Vice*)
David K. Colapinto (BBO No. 551835)
KOHN, KOHN & COLAPINTO, LLP
3233 P Street, N.W.
Washington, DC 20007-2756
Phone: (202) 342-6980
Fax:     (202) 342-6984
Michael Kohn [mk@kkc.com]
David Colapinto [dc@kkc.com]

William D. Hughes (BBO No. 243860)
HUGHES & NUNN LLP
401 "B" Street, Suite 1250
San Diego, CA 92101
Phone: (619) 231-1661
Fax:     (619) 236-9271
William D. Hughes [whughes@HughesNunn.com]

Jeremy L. Friedman (*Pro Hac Vice*)
LAW OFFICE OF JEREMY L. FRIEDMAN
2801 Sylhowe Road
Oakland, CA 94602
Telephone: (510) 530-9060
Facsimile: (510) 530-9087
Jeremy L. Friedman [jlfried@comcast.net]

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Jeremy L. Friedman
Jeremy L. Friedman