UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )
UNITED STATES OF AMERICA, *ex rel.*         )
KENNETH JAMES JONES, Ed.D.,                 )
                                            )
       Plaintiff,                           )
                                            )
v.                                          )   Civil No. 1:07-CV-11481-WGY
                                            )
BRIGHAM AND WOMEN'S HOSPITAL, *et al.*,     )
                                            )
       Defendants.                          )
_____)

**DEFENDANTS' OPPOSITION TO
RELATOR'S MOTION FOR ADMISSION OF
<u>APPENDIX TO SCHUFF REPORT</u>**

       A juror has asked to review a portion of Norbert Schuff's expert report, which contains his evaluation of the MRI scans. Dr. Jones filed a motion asking the Court to provide this document to the jury. The defendants oppose the motion because Dr. Schuff's report is hearsay.

       The First Circuit has stated that an expert report "is inadmissible hearsay." <u>Cash Energy, Inc. v. Weiner</u>, 81 F.3d 147 (1st Cir. 1996) (unpublished). Dr. Jones cites two cases from other jurisdictions, which do not help his position. See <u>Forward Commc'ns Corp. v. United States</u>, 608 F.2d 485, 511 (Ct. Cl. 1979) (concluding that expert report was inadmissible, but that expert could testify to his opinions); <u>BC Tech. v. Ensil Int'l</u>, No. 02-700 (D. Utah Jan. 17, 2008) (order on motions in limine) (concluding that expert witnesses could use explain their testimony using the charts, exhibits, and summaries which were attached to their reports).

       Dr. Jones argues that Dr. Schuff's expert report "unquestionably would assist the jury's understanding of central issues in this trial." This is not the standard for whether evidence is admissible. Like all the other witnesses in this case, Dr. Schuff testified live. Dr. Jones

apparently made a strategic decision that Dr. Schuff would not explain any MRI scans to the jury. It would unfairly prejudice the defendants if Dr. Jones were now permitted to supplement Dr. Schuff's testimony with his expert report.

## CONCLUSION

The defendants respectfully request the Court to deny Dr. Jones' motion, and to instruct the jury that witnesses may testify in person but not through their written reports.

> Brigham and Women's Hospital,
> Massachusetts General Hospital,
> Marilyn S. Albert, and
> Ronald J. Killiany,
>
> By their attorneys,
>
>
> /s/ Alan D. Rose
> Alan D. Rose (BBO #427280)
> Brian D. Lipkin (BBO #673850)
> Rose, Chinitz & Rose
> One Beacon Street
> Boston, MA  02108
> (617) 536-0040
> Fax: (617) 536-4400
> adr@rose-law.net
> bdl@rose-law.net

Date:  April 4, 2013

## CERTIFICATE OF SERVICE

On April 4, 2013, I certify that I served this document by filing it through the ECF system and e-mailing it to:

Tracy L. Hilmer
Commercial Litigation Branch
U.S. Department of Justice
P.O. Box 261
Washington, DC  20044
tracy.hilmer@usdoj.gov

/s/ Brian D. Lipkin