## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                    )
UNITED STATES OF AMERICA, *ex rel.*      )
KENNETH JAMES JONES, Ed.D.,              )
                                                    )
             Plaintiff,                             )
                                                    )
v.                                                   )          Civil No. 1:07-CV-11481-WGY
                                                    )
BRIGHAM AND WOMEN'S HOSPITAL, *et al.*,  )
                                                    )
             Defendants.                            )
_____)

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**1.      Nature of Case**

Under the False Claims Act, the plaintiff, Kenneth Jones, is making claims against four

defendants: Ron Killiany; Marilyn Albert; Massachusetts General Hospital; and Brigham and

Women's Hospital.  Dr. Jones alleges the defendants made false statements to the United States

government in a grant application, which was submitted on October 1, 2001.  He is pursuing two

theories:

First, Dr. Jones is trying to prove that the defendants knowingly presented (or caused to

be presented) a false or fraudulent claim to the United States government.

Second, Dr. Jones is trying to prove that the defendants knowingly made or used (or

caused to be made or used) a false record or statement in order to get the government to pay or

approve a false or fraudulent claim.

The defendants deny that they did any of these things.

United States ex rel. Jones v. Brigham & Women's Hosp., 678 F.3d 72, 82 (1st Cir.

2012) (quoting 31 U.S.C. § 3729(a)(1)-(2)).

**2.      Elements of Claim Under False Claims Act**

As the plaintiff, Dr. Jones bears the burden to prove four essential elements:

(1)      That each defendant presented or caused to be presented to the United States a claim for payment or approval;

(2)      That the claim was false or fraudulent;

(3)      That the false or fraudulent claim was made by each defendant knowingly; and

(4)      That the misrepresentation was material to the United States government's decision to pay the false claim.

United States ex rel. Jones v. Brigham & Women's Hosp., 678 F.3d 72, 93 (1st Cir. 2012) (quoting 31 U.S.C. § 3729(a)(1)).

**3.      "Claim" Element**

The first element, which Dr. Jones bears the burden to prove, is that each defendant submitted a "claim" to the United States government.  A claim is a request or demand for money or property—whether under a contract or otherwise—which is made to an officer, employee, or agent of the United States.

31 U.S.C. § 3729(b)(2).

**4.      "Falsity" Element**

The second element, which Dr. Jones bears the burden to prove, is that each defendant made a claim or statement which was false or fraudulent.  A claim or statement is "false" if it is untrue when made or when used.  A claim or statement is "fraudulent" if the speaker knows it to be untrue when it is made or used.  These standards require proof of an objective falsehood.

United States ex rel. Burlbaw v. Orenduff, 548 F.3d 931, 959 (10th Cir. 2008) (citation omitted); United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376-77 (4th

Cir. 2008) (citations omitted).

**5.      Objective Standard of Falsity**

To establish falsity, it is not sufficient for Dr. Jones to prove that a defendant's practices could have or should have been better.  Instead, Dr. Jones would need to prove that an objective gap existed between what a defendant stated to the United States government, and what that defendant would have stated if he or she had told the truth.

United States v. Prabhu, 442 F. Supp. 2d 1008, 1033 (D. Nev. 2006) (citation omitted).

**6.      Opinions and Scientific Judgments**

Expressions of opinion, scientific judgments, or statements about which reasonable minds may differ cannot be false.  The False Claims Act does not apply to—and therefore, the defendants cannot be held liable for—disagreements over scientific methods.

United States ex rel. Jones v. Brigham & Women's Hosp., 678 F.3d 72, 87 (1st Cir. 2012) (citing United States ex rel. Roby v. Boeing Co., 100 F. Supp. 2d 619, 625 (S.D. Ohio 2000)); United States ex rel. Milam v. Regents of Univ. of Cal., 912 F. Supp. 868, 886 (D. Md. 1995).

**7.      Interpretation of Regulation**

You have heard evidence about federal regulations.  A defendant's good-faith interpretation of a regulation is not knowingly false or fraudulent, even if it is incorrect or different from an interpretation advanced by other members of an industry.

United States ex rel. Oliver v. Parsons Co., 195 F.3d 457, 464 (9th Cir. 1999).

**8.      "Materiality" Element**

The third element, which Dr. Jones bears the burden to prove, is that any false statement was "material."  A false statement is material if it has a natural tendency to influence, or is

capable of influencing, the decision of the decision-making body to which it is addressed.

United States ex rel. Jones v. Brigham & Women's Hosp., 678 F.3d 72, 93 (1st Cir. 2012) (quoting United States ex rel. Loughren v. Unum Grp., 613 F.3d 300, 307 (1st Cir. 2010)).

**9.     "Knowledge" Element**

The fourth element, which Dr. Jones bears the burden to prove, is that the defendants acted "knowingly."  A person acts knowingly if he or she:

(1)     had actual knowledge of the information;

(2)     acts in deliberate ignorance of the truth or falsity of the information; or

(3)     acts in reckless disregard of the truth or falsity of the information.

United States ex rel. Jones v. Brigham & Women's Hosp., 678 F.3d 72, 82 (1st Cir. 2012) (quoting 31 U.S.C. § 3729(b)).

**10.     Innocent Mistakes and Negligence**

If Dr. Jones proves that the defendants made an innocent mistake, or that they were negligent (meaning that they failed to use reasonable care), then that would not be sufficient evidence that the defendants acted knowingly.

United States ex rel. Westmoreland v. Amgen, Inc., 812 F. Supp. 2d 39, 70 (D. Mass. 2011) (Young, J.) (citing United States v. President & Fellows of Harvard Coll., 323 F. Supp. 2d 151, 189 (D. Mass. 2004)).

**11.     Burden of Proof**

As the plaintiff, Dr. Jones has the burden to prove every element of his claim by clear and convincing evidence.  If you find that Dr. Jones has not proved one or more of the elements I described above by clear and convincing evidence, you must return a verdict for the defendants.

2 John T. Boese, Civil False Claims and Qui Tam Actions § 5.08[A][2] (4th ed. 2012)

("[C]ases brought by qui tam relators in which the government does not intervene would be governed by the more stringent 'clear and convincing' standard . . . ."); see Graham County Soil & Water Conservation Dist. v. United States ex rel. Wilson, 545 U.S. 409, 417-18 (2010) (concluding that 31 U.S.C. § 3731, which includes the "preponderance of evidence" standard, "is limited to . . . actions in which the United States necessarily participates"); United States v. Milton, 602 F.2d 231, 233 (9th Cir. 1979) (requiring proof by "clear, explicit and unequivocal evidence").

**12.    Relator's Role**

The plaintiff, Dr. Jones, has filed this case on behalf of the United States government.  He did not need any special permission to do that.  Anyone may file a lawsuit under the False Claims Act.

Although the United States is not a party to this case, it has a financial interest in the outcome.  Dr. Jones also has a financial interest in the outcome of the case.  If you decide to award any damages—and I am not commenting, either way, on whether you should do that—then Dr. Jones would receive 25% to 30% of any amount you award the United States.  This amount would be determined by me if you were to make any award.

When you are considering the believability of Dr. Jones' testimony, you may take into account his financial interest in this case.

31 U.S.C. § 3730(b)(4)(B); United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc., 608 F.3d 871, 898 (D.C. Cir. 2010), cert. denied, 131 S. Ct. 2443 (2011) (citations omitted) (concluding that cross-examination regarding relator's financial interest was "a perfectly acceptable point for counsel to make"); United States ex rel. Sanders v. Allison Engine Co., No. 95-0970, slip op. at 2 (S.D. Ohio Feb. 14, 2005) (order on relators' motion in limine), aff'd in

part and rev'd in part on other grounds, 471 F.3d 610 (6th Cir. 2006), rev'd on other grounds, 553 U.S. 662 (2008) ("[T]he Parties agree and the law provides that witnesses [including relators] may be cross-examined with regard to their financial interest in the outcome of this case."); see DiBenedetto v. Hall, 272 F.3d 1, 10 (1st Cir. 2001) ("Bias is always relevant as discrediting the witness and affecting the weight of his testimony.").

## 13.    Damages

If you decide for the defendants on the question of liability, then you should not consider the question of damages.  Dr. Jones must prove by a preponderance of the evidence that the United States government suffered damages as a result of the defendants' actions.  If you do not find that the government suffered damages, you must find in favor of the defendants on all counts.

To recover, Dr. Jones must prove that the government sustained actual damages because of the defendants' violation of the False Claims Act.  Dr. Jones must also prove the amount of those damages.  The measure of damages—if you decide to award damages, and that is up to you—is the difference between the value of the goods or services actually provided by each defendant, and the value the goods or services would have had to the government if they had been delivered as promised.

Any award of damages would need to be based upon evidence and not upon speculation, guesswork, or conjecture.  If Dr. Jones has not provided evidence of the difference between the market value of the defendants' services and the value of the services if they had been delivered as promised, then you must find that Dr. Jones has failed to meet his burden of proving damages.

United States v. Sci. Applications Int'l Corp., 626 F.3d 1257, 1278 (D.C. Cir. 2010) (stating that under False Claims Act, it is the role of the "the fact-finder" to calculate damages);

United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc., 608 F.3d 871, 904 (D.C. Cir. 2010)

(citation omitted); see, e.g., United States ex rel. DRC, Inc. v. Custer Battles, LLC, 446 F. App'x

561, 562 (4th Cir. 2011) (stating that jury had returned verdict on damages); United States ex rel.

A+ Homecare, Inc. v. Medshares Mgmt. Grp., Inc., 400 F.3d 428, 457-58 (6th Cir. 2005)

(reviewing jury's award of damages under False Claims Act); United States v. Larry Reed &

Sons P'ship, 280 F.3d 1212, 1214 (8th Cir. 2002) (reviewing jury's award of damages under

False Claims Act).

Brigham and Women's Hospital,
Massachusetts General Hospital,
Marilyn S. Albert, and
Ronald J. Killiany,

By their attorneys,


/s/ Alan D. Rose
Alan D. Rose (BBO #427280)
Brian D. Lipkin (BBO #673850)
Rose, Chinitz & Rose
One Beacon Street
Boston, MA  02108
(617) 536-0040
Fax: (617) 536-4400
adr@rose-law.net
bdl@rose-law.net

Date:  April 4, 2013

## <u>CERTIFICATE OF SERVICE</u>

On April 4, 2013, I certify that I served this document by filing it through the ECF system and e-mailing it to:

Tracy L. Hilmer
Commercial Litigation Branch
U.S. Department of Justice
P.O. Box 261
Washington, DC  20044
tracy.hilmer@usdoj.gov

<u>/s/ Brian D. Lipkin</u>