**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA, *Ex. Rel.* KENNETH JAMES JONES<br><br>    Plaintiff<br><br>vs.<br><br>BRIGHAM AND WOMEN'S HOSPITAL, *et al.*,<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1:07-CV-11481-WGY<br>)<br>)<br>)<br>)<br>)<br>) |

**RELATOR'S PROPOSED JURY INSTRUCTIONS**

Relator proposes the following special jury instructions in this case.

**TABLE OF INSTRUCTIONS**

1. Nature of the Case .................................................................................................. 1
2. Elements of the Claim ............................................................................................. 2
3. Broad View of Falsity under the Act ...................................................................... 3
4. Definition of False .................................................................................................. 4
5. Definition of Falsification of Scientific Data ......................................................... 5
6. Court has Determined that Statements in the Application Demonstrate Reliance on the Study's Conclusions .................................................................... 6
7. Accuracy not at issue .............................................................................................. 7
8. Proof of Falsity as to Blinded, Reliable Methodologies ....................................... 8
9. Definition of Materiality ......................................................................................... 9
10. Definition of "knowing" and "knowingly." ......................................................... 10
11. Definition of "Deliberate Ignorance" ................................................................... 11
12. Definition of "Reckless Disregard" ...................................................................... 12
13. Preponderance of the Evidence ............................................................................. 13

1. **Nature of the Case**

Relator Kenneth Jones, on behalf of the United States of American, alleges that defendants violated the False Claims Act by including false statements in a grant application submitted to the National Institute on Aging, an institute within the National Institute of Health.

Defendants deny the allegations.

GIVEN:_____

REJECTED:_____

GIVEN IN PART:_____

*Unites States ex rel. Jones v. Brigham and Women's Hospital*, Opinion at 2.

**2.     Elements of the Claim**

In this case, the Court has determined that, to prevail on his claim, Relator Jones must prove one of the following two allegations by a preponderance of the evidence:

1.  Ronald Killiany knowingly falsified scientific data by exaggerating certain re-measurements of the Entorhinal Cortex (EC) to cause proof of a particular scientific hypothesis to emerge from the data; or

2.  Any statement made in the Grant application about having used blinded, reliable methods to produce the measurements was both material and knowingly false.

Relator Jones does not need to prove that defendants had a specific intent to defraud the United States.

GIVEN:_____

REJECTED:_____

GIVEN IN PART:_____

*Unites States ex rel. Jones v. Brigham and Women's Hospital*, Opinion at 18, 50-51.

**3.    Broad View of Falsity under the Act**

The Court takes a broad view of what may constitute a false or fraudulent statement to avoid "foreclos[ing] FCA liability in situations that Congress intended to fall within the Act's scope."

GIVEN:_____

REJECTED:_____

GIVEN IN PART:_____

*Unites States ex rel. Jones v. Brigham and Women's Hospital*, Opinion at 25.

**4.     Definition of False**

A statement is "false" if it is an assertion that is untrue when made or used.

GIVEN:_____

REJECTED:_____

GIVEN IN PART:_____

3 O'Malley, Grenig and Lee's Federal Jury Practice And Instructions: Civil, 178.30 (West Pub. Co. 5th Ed. 2000).

**5.      Definition of Falsification of Scientific Data.**

In the context of this case, falsification of scientific data may be shown by proof that Killiany's revisions substantially deviated from the initial protocol to the point that his initial and new markings were no longer consistent or capable of meaningful comparison.

GIVEN:_____

REJECTED:_____

GIVEN IN PART:_____

*Unites States ex rel. Jones v. Brigham and Women's Hospital*, Opinion at 29.

## 6. Court has Determined that Statements in the Application Demonstrate Reliance on the Study's Conclusions

The Court has determined that statements in the application demonstrate reliance on the study's conclusions and therefore necessarily implicate the allegedly false data.

GIVEN:_____

REJECTED:_____

GIVEN IN PART:_____

*Unites States ex rel. Jones v. Brigham and Women's Hospital*, Opinion at 27.

**7.   Accuracy not at issue**

This Court has determined that whether or not the revised tracings were more or less "accurate" to the actual structure of the EC is not the issue in this case.

GIVEN:_____

REJECTED:_____

GIVEN IN PART:_____

*Unites States ex rel. Jones v. Brigham and Women's Hospital*, Opinion at 32.

**8.      Proof of Falsity as to Blinded, Reliable Methodologies**

Falsity of the Statements made in the grant application re blinded, reliable methods may be shown by proof that Killiany was not blinded or that the reliability study data included in the grant application was not true.

GIVEN:_____

REJECTED:_____

GIVEN IN PART:_____

*Unites States ex rel. Jones v. Brigham and Women's Hospital*, Opinion at 35, 38.

9.  **Definition of Materiality**

The Court has determined that the statements made regarding the scientific data were material to the NIH grants process. False statements concerning blinded, reliability methodologies, are "material" if it has a natural tendency to influence, or is capable of influencing, the government's decision to fund the grant.

GIVEN:_____

REJECTED:_____

GIVEN IN PART:_____

*Unites States ex rel. Jones v. Brigham and Women's Hospital*, Opinion at 43.

**10.     Definition of "knowing" and "knowingly."**

The terms "knowing" and "knowingly" mean that a person (a) has actual knowledge of the true information, or (b) acts with deliberate ignorance of the truth or falsity of the information, or (c) acts in reckless disregard of the truth or falsity of the information.

GIVEN:_____

REJECTED:_____

GIVEN IN PART:_____

*Unites States ex rel. Jones v. Brigham and Women's Hospital*, Opinion at 17.

**11.**     **Definition of "Deliberate Ignorance"**

Relator Jones may prove knowledge by showing that any defendant acted with "deliberate ignorance." This means that a defendant deliberately closed its eyes to what would otherwise have been apparent. A finding that the defendant purposely avoided learning all the facts, or suspected a fact but refused to confirm it, also constitutes deliberate ignorance. A defendant's knowledge of a fact may be inferred from evidence that it intentionally closed its eyes to the existence of the fact.

GIVEN:_____
REJECTED:_____
GIVEN IN PART:_____

Authority:  31 U.S.C. § 3729(b); *United States v. Krizek*, 111 F.3d 934, 941 (D.C. Cir. 1997), *cert. denied*, 534 U.S. 1067 (2001); *United States v. Gruenberg*, 989 F.2d 971, 974 (8th Cir. 1993), *cert. denied*, 510 U.S. 873 (1993); *United States v. Mack*, 2000 U.S. Dist. LEXIS 17367 (S.D. Tex. 2000) (False Claims Act intended to cover "persons who ignore obvious warning signs") (citing *UMC Electronics Co. v. United States*, 43 Fed. Cl. 776, 793 (Fed. Cl. 1999)).

**12.     Definition of "Reckless Disregard"**

Relator may also prove knowledge by showing any defendant acted with "reckless disregard." "Reckless" means with indifference to consequences. If a person makes a representation without knowing whether it is true or not, or makes it without regard to its truth or falsity or to its possible consequences, he or she must be found to have made the representation recklessly.

Thus, a defendant acts with "reckless disregard" by making a representation or statement without knowing whether it is true or not, but rather with an absence of concern regarding its truth or falsity.

GIVEN:_____

REJECTED:_____

GIVEN IN PART:_____

Authority:  31 U.S.C. § 3729(b); *See also United States e 16 x rel. Augustine v. Century Health Servs.*, 289 F.3d 409, 415-16 (6th Cir. 2002), *reh'g enbanc denied*, 2002 U.S. App. LEXIS 16358 (6th Cir. July 26, 2002) (knowledge found though defendants allege that they did not know submissions were false); *United States ex rel. Compton v. Midwest Specialties, Inc.*, 142 F.3d 296, 304 (6th Cir. 1998) (claim stating that product conforms to contract requirements for inspection when product was not inspected constitutes "reckless disregard"); *United States ex rel. Aakhus v. Dynacorp*, 136 F.3d 676 (10th Cir. 1998) (defendant who submits a false claim to the Government through gross negligence should be held liable under the False Claims Act); *United States v. Krizek*, 859 F. Supp. 5 (D.D.C. 1994), *aff'd in relevant part*, 111 F.3d 934, 942 (D.C. Cir. 1997) (knowledge of falsity under the FCA is established where defendant acted in "gross negligence where the submitted claims to the Government are prepared in such a sloppy or unsupervised fashion that resulted in overcharges to the Government").

**13.     Preponderance of the Evidence**

To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

GIVEN:_____

REJECTED:_____

GIVEN IN PART:_____

Authority:  3 O'Malley, Grenig and Lee's Federal Jury Practice And Instructions: Civil, 178.41 (West Pub. Co. 5th Ed. 2000).

|                              |                                          |
|------------------------------|------------------------------------------|
|                              | Respectfully submitted,                  |
| Dated: April 4, 2013         | Kohn, Kohn & Colapinto, LLP              |
|                              | Hughes & Nunn, LLP                       |
|                              | Law Office of Jeremy L. Friedman         |
|                              |                                          |
|                              | By: /s/Jeremy L. Friedman                |
|                              | Jeremy L. Friedman                       |
|                              |                                          |
|                              | Attorneys for *qui tam* plaintiff        |
|                              | Kenneth James Jones                      |

Michael D. Kohn (*Pro Hac Vice*)
David K. Colapinto (BBO No. 551835)
KOHN, KOHN & COLAPINTO, LLP
3233 P Street, N.W.
Washington, DC 20007-2756
Phone: (202) 342-6980
Fax:    (202) 342-6984
Michael Kohn [mk@kkc.com]
David Colapinto [dc@kkc.com]

William D. Hughes (BBO No. 243860)
HUGHES & NUNN LLP
401 "B" Street, Suite 1250
San Diego, CA 92101
Phone: (619) 231-1661
Fax:    (619) 236-9271
William D. Hughes [whughes@HughesNunn.com]

Jeremy L. Friedman (*Pro Hac Vice*)
LAW OFFICE OF JEREMY L. FRIEDMAN
2801 Sylhowe Road
Oakland, CA 94602
Telephone: (510) 530-9060
Facsimile: (510) 530-9087
Jeremy L. Friedman [jlfried@comcast.net]

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                /s/ Jeremy L. Friedman
                Jeremy L. Friedman