## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *Ex. Rel.* KENNETH JAMES JONES,<br><br>    Plaintiff<br><br>vs.<br><br>BRIGHAM AND WOMEN'S HOSPITAL, *et al.*,<br><br>    Defendants | Case No. 1:07-CV-11481-WGY |

### RELATOR'S OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Relator objects to each and every proposed jury instruction by defendants. Each one attempts to rewrite the First Circuit opinion in this case, and transgresses the rulings of the Court during trial.

**1. Nature of the Case**

In light of the appellate court decision, this Court has conducted the trial following the blueprint of that opinion, eliminating from the jury's consideration the points that are no longer in dispute. Defendants' proposed lengthy statement as to the nature of the case adds elements that are not before the jury as demonstrated in the jury verdict form.

**2. Elements of the Claim**

Several elements of the claim are not in dispute, and therefore this section will only confuse the jury as to what is and is not before it. Claim is not at issue on either of relator's theories. Materiality is not at issue on the first question, and knowledge is factually undisputed on both.

**3. Claim**

This element is not disputed and need not be included in the instructions.

**4.      Falsity**

Falsity on relator's two theories are defined by the First Circuit decision, as reflected in the Court's proposed jury instruction. Defendants' proposed instruction completely ignores this Court's ruling that the issues are narrow for the jury.

**5.      Objective Standard of Falsity**

Defendants' argument that this case must meet the "objective" nature of falsity is inconsistent with the First Circuit decision *in this case*. After reviewing the grant application in detail, the appellate court, at page 28, ruled:

> These statements rely on the data challenged by Jones as false. In the language of the FCA, they "use . . . a false record." Thus premised, the statements would not be "true, complete and accurate" as required by the certifications signed by Albert and MGH.

Moreover, the court ruled that defendants' claim about objectivity and subjectivity have no place in this case, and that it "misses the point" (*id.*).

**6.      Opinions and Scientific Judgement**

For the same reasons, this instruction fails to stand up to the First Circuit decision. Defendants cite to that decision, where, at page 28-29, the Court *rejected* defendants' contention as it applies to this case. This is a legal issue that has been resolved against defendants, and they cannot put it back in before the jury.

**7.      Interpretation of Regulation**

This Court has ruled, consistent with the First Circuit opinion, that the false claims theories are not predicated on violation of the regulations. Defendants' violation of regulations here goes to knowledge and materiality. Defendants are not entitled to any instruction on it. Moreover, defendants' proposed instruction erroneously glosses over the application of the regulation, and has no place in this False Claims Act in this case. There is no "good faith" defense under the knowing standards of the False Claims Act.

**8.     Materiality**

Defendants' proposed instruction repeats a portion of the other instructions on elements of proof.  Relator's proposed instruction defines materiality pursuant to First Circuit law, including the appeal in this case.

**9.     Knowledge**

Defendants' proposed instruction repeats a portion of the other instructions on elements of proof.  Relator's proposed instruction defines knowledge pursuant to First Circuit law, including the appeal in this case.

**10.    Innocent Mistakes**

Defendants' proposed instruction is confusing and erroneous.  The Court has already held that falsification of the MRI data would make statements in the grant application materially false.  At this point in the case, defendants' proposed instruction on innocent mistakes has no role.

**11.    Preponderance of the Evidence**

Defendants' statement of the standard applicable to this civil action is erroneous and inconsistent with the Court's pre-trial charge.  The government's intervention or non-intervention does not change the standards for this civil action.  Since the action is to recover funds for the United States, whether there is or is not an intervention, it is not "punitive" and need not meet any hightened standards.

**12.    Relator's Role**

Relator plays no role whatsoever in the verdict form.  His testimony as a witness was provided during trial, and he was subject to cross-examination.  There is no basis to instruct the jury on anything further.

**13.    Damages**

This Court invited further briefing on its ruling, repeated twice during the course of this trial, that damages are not before the Court.  Defendants have not filed any such briefing, and the proposed instruction is inappropriate.

                                                   Respectfully submitted,

Dated: April 5, 2013              Kohn, Kohn & Colapinto, LLP
                                            Hughes & Nunn, LLP
                                            Law Office of Jeremy L. Friedman

                                        By: /s/Jeremy L. Friedman
                                               Jeremy L. Friedman

                                               Attorneys for *qui tam* plaintiff
                                             Kenneth James Jones


Michael D. Kohn (*Pro Hac Vice*)
David K. Colapinto (BBO No. 551835)
KOHN, KOHN & COLAPINTO, LLP
3233 P Street, N.W.
Washington, DC 20007-2756
Phone: (202) 342-6980
Fax:    (202) 342-6984
Michael Kohn [mk@kkc.com]
David Colapinto [dc@kkc.com]

William D. Hughes (BBO No. 243860)
HUGHES & NUNN LLP
401 "B" Street, Suite 1250
San Diego, CA 92101
Phone: (619) 231-1661
Fax:    (619) 236-9271
William D. Hughes [whughes@HughesNunn.com]

Jeremy L. Friedman (*Pro Hac Vice*)
LAW OFFICE OF JEREMY L. FRIEDMAN
2801 Sylhowe Road
Oakland, CA 94602
Telephone: (510) 530-9060
Facsimile: (510) 530-9087
Jeremy L. Friedman [jlfried@comcast.net]

## CERTIFICATE OF SERVICE

     I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                        /s/ Jeremy L. Friedman
                                        Jeremy L. Friedman