**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____
                                                          )
UNITED STATES OF AMERICA, *ex rel.*   )
KENNETH JAMES JONES, Ed.D.,             )
                                                          )
                    Plaintiff,                          )
                                                          )
v.                                                      )   Civil No. 1:07-CV-11481-WGY
                                                          )
BRIGHAM AND WOMEN'S HOSPITAL, *et al.*,  )
                                                          )
                    Defendants.                     )
_____)

## DEFENDANTS' MOTION TO COMPEL PAYMENT OF CERTAIN EXPERT FEES

Dr. Jones deposed the defendants' expert witness, Dr. Andrew Saykin, over five months ago. Ignoring three requests, Dr. Jones has failed to reimburse Dr. Saykin for his time. Under Fed. R. Civ. P. 26(b)(4)(E)(i), the defendants move to compel Dr. Jones to reimburse Dr. Saykin in the amount of $8,100.

## BACKGROUND

Dr. Jones noticed Dr. Saykin's deposition on January 11, 2013, and subpoenaed nine categories of documents. (Ex. A, Rose Aff.; Ex. B, Deposition Notice.) The deposition took place on January 15, 2013. (Ex. A.) In response to the subpoena, and as agreed at his deposition, Dr. Saykin produced 34 articles on March 3, 2013. (Ex. C, E-mail from Brian D. Lipkin to Jeremy L. Friedman (Mar. 3, 2013)).

Dr. Saykin billed for his deposition-related time on March 28, 2013. (Ex. D, Saykin Invoice.) Defense counsel forwarded this bill and asked Dr. Jones' counsel to reimburse Dr. Saykin:

    (1)    by e-mail on March 31, 2013;

    (2)    by mail on May 14, 2013; and

    (3)    by e-mail on June 3, 2013.

(Ex. E, E-mail from Brian D. Lipkin to William D. Hughes, Michael D. Kohn, & Jeremy L. Friedman (Mar. 31, 2013); Ex. F, Letter from Alan D. Rose to Jeremy L. Friedman (May 14, 2013); Ex. G, E-mail from Brian D. Lipkin to Jeremy L. Friedman (June 3, 2013)).

The defendants have reimbursed Dr. Jones' experts in full.  Id.  First, the defendants reimbursed Dr. Martha Dávila-García a total of $6,300 at her requested rate of $600/hour.  (Ex. H, Dávila-García Invoice.)  This reimbursement included three hours ($1,800) for "[s]earching, printing and organizing documents for subpoena," one hour ($600) of travel time, and six and a half hours ($3,900) for time at the deposition.  Id.  Second, the defendants reimbursed Dr. Richard Goldstein a total of $2,100 at his requested rate of $600/hour.  (Ex. I, Goldstein Invoice.)  Third and finally, the defendants reimbursed Dr. Norbert Schuff a total of $1,325 at his requested rate of $300/hour.  (Ex. J, Letter from Alan D. Rose to Norbert Schuff (Oct. 7, 2010)).

Dr. Jones has not reimbursed Dr. Saykin in any amount, and has not responded to the defendants' requests that he do so.  (Ex. A.)

## ARGUMENT

"Unless manifest injustice would result, the court must require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A)," which is the section of the rule dealing with expert depositions.  Fed. R. Civ. P. 26(b)(4)(E) (emphasis added).  This Court has ordered that experts be reimbursed for their preparation time, reasoning "that experts should be paid for prep time because good preparation will lead to a more efficient deposition."  Cabana v. Forcier, 200 F.R.D. 9, 16 (D. Mass. 2001)

(citing <u>Magee v. Paul Revere Life Ins. Co.</u>, 172 F.R.D. 627, 645 (E.D.N.Y. 1997)). Travel time also "has been held compensable." <u>Magee</u>, 172 F.R.D. at 646 (citations omitted).

In this case, Dr. Jones has ignored three requests that he reimburse Dr. Saykin. (Ex. A.) His failure to reimburse Dr. Saykin violates Rule 26(b)(4)(E). It also violates his counsel's representation at Dr. Schuff's deposition:

> MR. ROSE:  Okay.  That's fine.  Go ahead.
>
> We have not spoken with relator's counsel about expert fees, previously.  <u>Are you suggesting that we should pay your experts' fees at the ordinary hourly rate, and you'll pay our expert fees at the ordinary hourly rate?</u>
>
> MR. FRIEDMAN:  <u>Yeah.</u>  Pursuant to the rules.  I just wanted to make it clear, under the rules, you normally—you either include or you just make some representation that for the time that you're deposing Dr. Schuff in deposition, that you'll be paying his deposition rate.  And it is true that <u>when we depose your experts, we would need to pay that rate as well.</u>
>
> MR. ROSE:  Okay.

(Ex. K, Schuff Dep. 4:20-5:8 (emphasis added)).  Dr. Jones should be required to reimburse Dr. Saykin's deposition-related fees, particularly where the defendants have reimbursed his experts in full.

## CONCLUSION

The defendants respectfully request the Court to order that Dr. Jones reimburse Dr. Saykin in the amount of $8,100.

        Brigham and Women's Hospital,
        Massachusetts General Hospital,
        Marilyn S. Albert, and
        Ronald J. Killiany,

        By their attorneys,


        /s/ Alan D. Rose
        Alan D. Rose (BBO #427280)
        Brian D. Lipkin (BBO #673850)
        Rose, Chinitz & Rose
        One Beacon Street
        Boston, MA  02108
        (617) 536-0040
        Fax: (617) 536-4400
        adr@rose-law.net
        bdl@rose-law.net

Dated:  June 18, 2013

## CERTIFICATE OF SERVICE

On June 18, 2013, I certify that I served this document by filing it through the ECF system and e-mailing it to:

Tracy L. Hilmer
Commercial Litigation Branch
U.S. Department of Justice
P.O. Box 261
Washington, DC  20044
tracy.hilmer@usdoj.gov

        /s/ Brian D. Lipkin

4