UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
UNITED STATES OF AMERICA, *ex rel.* )
KENNETH JAMES JONES, Ed.D.,         )
                                    )
       Plaintiff,                   )
                                    )
v.                                  )   Civil No. 1:07-CV-11481-WGY
                                    )
BRIGHAM AND WOMEN'S HOSPITAL, *et al.*, )
                                    )
       Defendants.                  )
_____)

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL PAYMENT OF CERTAIN EXPERT FEES
LEAVE TO FILE GRANTED ON JULY 8, 2013**

       This motion concerns the invoice of the defendants' expert, Dr. Andrew Saykin, for his deposition-related time. After Dr. Jones failed to pay this invoice, the defendants filed a motion to compel him to do so. (Docket No. 245.) Dr. Jones filed an opposition, which is not supported by an affidavit. (Docket No. 249.) He has agreed to pay $2,700 of the amount that Dr. Saykin is seeking. However, he will not agree to reimburse the remaining $5,400.

       The defendants reply to Dr. Jones' opposition as follows:

1. Dr. Jones suggests that he intended to pay Dr. Saykin all along. If that was the case, he fails to explain why he ignored the defendants' e-mails dated March 31, 2013 and June 3, 2013, and the defendants' letter dated May 14, 2013.

2. Dr. Jones also does not address why his expert, Martha Dávila-García, billed for her preparation time and travel time. The defendants paid Dr. Dávila-García in full. (Ex. A, Supplemental Rose Aff.; Ex. B, Dávila-García Invoice.) If Dr. Jones claims the defendants overpaid her, then he ought to provide a refund.

3. Dr. Jones claims that "[a]t the deposition, the expert was requested to send a statement, bill or email for the 4.5 hours expended in deposition (which included break time)." Dr. Saykin's deposition transcript does not include any discussion of this issue, and defense counsel cannot recall the issue being mentioned at the deposition. (Ex. A.)

4. Finally, Dr. Jones argues that the defendants filed their motion in violation of Local Rule 7.1. This argument overlooks paragraph 12 of the affidavit that Alan D. Rose filed in support of the defendants' motion: "On June 3, 2013, I conferred with Bill Hughes and attempted in good faith to resolve or narrow the issues set forth in this motion." Where Dr. Jones is represented by three law firms, Local Rule 7.1 did not require the defendants to confer with each of them before filing their motion.

The defendants respectfully request an order requiring Dr. Jones to pay Dr. Saykin in full.

    Brigham and Women's Hospital,
    Massachusetts General Hospital,
    Marilyn S. Albert, and
    Ronald J. Killiany,

    By their attorneys,

    /s/ Alan D. Rose
    Alan D. Rose (BBO #427280)
    Brian D. Lipkin (BBO #673850)
    Rose, Chinitz & Rose
    One Beacon Street
    Boston, MA  02108
    (617) 536-0040
    Fax: (617) 536-4400
    adr@rose-law.net
    bdl@rose-law.net

Date:  July 9, 2013

## **CERTIFICATE OF SERVICE**

On July 9, 2013, I certify that I served this document by filing it through the ECF system and e-mailing it to:

Tracy L. Hilmer
Commercial Litigation Branch
U.S. Department of Justice
P.O. Box 261
Washington, DC  20044
tracy.hilmer@usdoj.gov

/s/ Brian D. Lipkin